**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3734-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

LEON L. THOMAS, a/k/a
LAWRENCE BERGER,

      Defendant-Appellant.

_____

Submitted November 8, 2018 – Decided February 6, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-12-2992.

Joseph E. Krakora, Public Defender, attorney for appellant (Thomas G. Hand, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Leon Thomas appeals the February 21, 2017 Law Division denial of his petition for post-conviction relief (PCR). We affirm.

Defendant was sentenced on August 14, 2014 on his guilty pleas to a downgraded charge of aggravated manslaughter, N.J.S.A. 2C:11-4, and unlawful possession of a handgun, N.J.S.A. 2C:39-5(b).[1] In accordance with the negotiated agreement, the judge imposed a term of twenty years imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the aggravated manslaughter, as well as a concurrent ten years on the unlawful possession, five to be served without parole eligibility.

Defendant appealed his sentence on the excessive sentence calendar. It was affirmed by our order dated April 15, 2015. No further appeal was taken. R. 2:9-11.

When defendant was first arrested for the homicide of Ronald Kelly, he initially denied being present. He eventually admitted arguing with Kelly, who had not paid him for drugs.

Defendant was identified as the shooter by a friend of Kelly's, who was with him at the time of the shooting. The friend said the men argued, defendant

---

[1] The original offenses alleged in the indictment were murder, N.J.S.A. 2C:11-3(a)(1)(2), and possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a).

A-3734-16T1

stepped into an alleyway, and returned carrying the handgun with which he shot Kelly. A teenage girl, who was passing by when the incident occurred, identified defendant from a photo array. She too told police he was the shooter.

It is undisputed that Kelly and defendant argued, and that Kelly struck defendant once with his hand. Both defendant's girlfriend, who was present, and Kelly's friend said that occurred before defendant walked into the alley and returned armed.

In his second statement to police, when defendant admitted shooting Kelly, he said that he saw Kelly return to his pickup truck and remove something black. Defendant, believing Kelly had a gun, claimed he had no alternative but to shoot him in self-defense. Neither of defendant's statements make mention of his departure from the scene before the killing.

Defendant wrote to the court and others before his scheduled sentence date expressing his dissatisfaction with the plea and his attorney. His letter included the claim that his attorney inadequately investigated his claim of self-defense.

Before sentence was imposed, the judge addressed defendant's informal request to withdraw his guilty plea, and the prosecutor reviewed the circumstances surrounding the killing, including defendant's girlfriend's statement recounting the events. The prosecutor argued that the defense of self-

defense did not apply because defendant employed force far greater than that used by the victim, and because of the "several minutes" between the argument, defendant's safe departure from the scene, and return with a loaded gun.

The judge asked defendant what he meant by his allegation that "a lot of things were wrong" with his plea. Defendant responded that he only made an inculpatory statement because police, while off-camera,[2] threatened that his girlfriend would be incarcerated and her children taken from her. When asked why he did not mention this when he pled guilty, defendant explained it was because his attorney had told him to say nothing because he had a deal, and if convicted at trial he could get life. Defendant said he was afraid of a life sentence, and thus pled guilty. The judge responded that the attorney's representations were truthful that if defendant were convicted of murder, he could be sentenced to life imprisonment.

Defendant's counsel then told the judge that she had advised defendant that he did not have a "colorable claim of self-defense," and that, given the circumstances described by the eyewitnesses, it was not "a meritorious affirmative defense." Defendant's informal Slater[3] motion to withdraw his guilty

---

[2] Defendant's interviews were video recorded.

[3] 198 N.J. 145 (2009).

plea was therefore denied, and the judge imposed the sentence we have described.

At oral argument, the judge who denied the PCR petition stated that defendant's claim of self-defense was "specious and spurious[.]" Noting defendant had raised no colorable claim of innocence, had articulated no valid claim of self-defense, and had met none of the <u>Slater</u> requirements for withdrawing his guilty plea, the judge concluded defendant had not established grounds for relief. The judge further noted that defendant's conduct, although he pled only to aggravated manslaughter, was "knowing, if not purposeful action[,]" referring to the statutory definition of the charge of murder.

Now on appeal, defendant raises the following points for our consideration:

> POINT I
> THE TRIAL COURT ERRED IN NOT HOLDING AN EVIDENTIARY HEARING IN ORDER TO DETERMINE WHETHER THOMAS' TRIAL COUNSEL WAS INEFFECTIVE.
>
> POINT II
> THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE <u>SLATER</u> FACTORS WERE SATISFIED.

We address defendant's second point first. His claim that he satisfied the <u>Slater</u> factors is so lacking in merit as to not warrant discussion in a written

A-3734-16T1

opinion. <u>See</u> <u>R.</u> 2:11-3(e)(2). Among other things, defendant does not assert a colorable claim of innocence, as <u>Slater</u> requires. <u>See</u> <u>State v. Munroe</u>, 210 N.J. 429, 442 (2012).

With regard to defendant's claim that the court should have conducted an evidentiary hearing, we do not agree. In order to be entitled to such relief, a defendant must establish a prima facie case. <u>State v. Preciose</u>, 129 N.J. 451, 462-63 (1992). A prima facie case requires a showing that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

No such probability has been demonstrated here. Two eyewitnesses corroborated that defendant walked away safely from an argument with the victim, during which the victim struck him with his hand, and returned armed with a loaded handgun. A passerby witnessed the shooting. Defendant's claim that he acted in self-defense is nothing more than a bare allegation, not supported in the law because of his use of excessive deadly force, and unsupported by any facts in the record. <u>See</u> <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999).

A-3734-16T1

Defendant's self-defense theory alternated with his claim that he admitted guilt only because he was afraid of the consequences to his girlfriend. In negotiating the guilty plea, defendant's counsel acted well within the wide range of reasonable representation. See State v. Pierre, 223 N.J. 560, 578-79 (2015).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3734-16T1